# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | | |
|---|---|---|
| Frances Pittman, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | 2:20-cv-00192-RWS-JCF |
| v. | ) | |
| | ) | |
| Collection Services of Athens, | ) | **COMPLAINT WITH** |
| Inc., | ) | **JURY TRIAL DEMAND** |
| | ) | |
| Defendant. | ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq.*

## PARTIES

1. Plaintiff, Frances Pittman, is a natural person who resides in Fannin County, Georgia.

2. Defendant, Collection Services of Athens, Inc., is a corporation formed under the laws of the State of Georgia and registered to do business in Georgia.

Defendant may be served with process via its registered agent, Adam M. Cain at 297 Prince Avenue, Suite 24, Athens, GA 30601.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

4. This Court has personal jurisdiction over Defendant because, *inter alia*, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Pursuant to LR 3.1B(3), venue is proper in the Gainesville Division because the events described herein occurred in Fannin County which is in the Gainesville Division.

## FACTUAL ALLEGATIONS

7. Plaintiff is allegedly obligated to pay a consumer debt arising out of a medical visit in 2013 and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant's principal business is the collection of consumer debt and the collection of those accounts for its commercial benefit. Defendant regularly collects, or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to a third party.

9. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

10. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

11. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. Defendant had placed negative account information on Plaintiff's credit report.

13. In June of 2020, Plaintiff called Defendant in response to the credit reporting information.

14. When Plaintiff identified herself on the phone call, the Defendant's representative told Plaintiff the account was for a medical bill from 2013.

15. During the course of the call with Defendant's agents, Plaintiff advised Defendant that she could not receive phone calls between 8:00 a.m. and 5:00 p.m.

because she was taking medication and it would be difficult for her to make clear decisions during those hours.

16. Plaintiff did seek to bar the Defendant from calling her at any hour otherwise permitted by law; for example, between 5:00 p.m. and 9:00 p.m.

17. Defendant's representative received her request and told Plaintiff "we are only open between 8 and 5 so we would have to call you back during that time frame."

18. Plaintiff repeated her request to not receive phone calls during these hours and Defendant's representative replied, "if you want us to stop calling, you would have to send in a written and signed request for us to stop calls."

19. Defendant's statement implied that Defendant was going to continue phone calls to Plaintiff which Defendant did not have the legal right to make.

20. Defendant's statements implied that making a request in writing was required to invoke Plaintiff's rights under 15 U.S.C. § 1692c, even though that is an incorrect statement of the law.

21. Defendant's statements were false, deceptive, and misleading communications in connection with the collection of a debt.

22.     Defendant's statements were intended to coerce Plaintiff into making payments via threats to harass her with calls after she had informed Defendant that she was on medication during these hours.

23.     Plaintiff was misled by defendant's statements and suffered anxiety and worry that she would continue to receive harassing debt collection calls while she was under the influence of medication.

## **INJURIES-IN-FACT**

24.     The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

25.     An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

26.     Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

27.     Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt, and as a result, Plaintiff has suffered concrete and particularized injuries including anxiety and worry and uncompensated time and expense to seek legal counsel.

28.     Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA and the suffering of concrete and particularized injuries as a direct result of Defendant's behavior, Plaintiff has suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

29.     As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.)     Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.)     Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts; and,

c.)     Anxiety and worry due to concerns that she might be receiving phone calls while under the influence of medication.

## CAUSE OF ACTION

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

30.     Plaintiff incorporates by reference paragraphs 1 through 29 as though fully stated herein.

### *Violations of 15 U.SC. § 1692c and subparts*

31.     A debt collector may not, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, communicate with a consumer in connection with the collection of any debt at a time or place known or which should be known to be inconvenient to the consumer.

32.     The threat to not acknowledge Plaintiff's revocation was made with the actual knowledge that they would not only be inconvenient for the Plaintiff, but would actually be difficult for her to handle competently.

33.     Defendant's threat to continue calls after receiving revocation from Plaintiff as described herein violated 15 U.S.C. § 1692c(a)(1).

### *Violations of 15 U.SC. § 1692d and subparts*

34. Having actual knowledge that the Plaintiff is unable to receive calls during these hours, the Defendant's threat to continue calls during this time period were intended to harass, abuse, embarrass, and intimidate the Plaintiff.

35. Defendant's conduct violated 15 U.S.C. § 1692d.

***Violations of 15 U.SC. § 1692e and its subparts***

34. 15 U.S.C. §•1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

35. The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

36. The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010).

37. Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l*

*Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

38. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

39. Defendant's statements that it would continue phone calls to Plaintiff during hours which she was under the influence of medication unless she submitted her request in writing were false, deceptive, and misleading statements which threatened to take action which Defendant could not legally take.

40. Defendant's communications were in violation of 15 U.S.C. §§ 1692e, e(5), and e(10) among others.

41. As a result of Defendant's violations of the FDCPA, Defendant is liable to Plaintiffs for actual damages as described herein, statutory damages in the amount of $1,000.00, costs of this action and reasonable attorney's fees as determined by the Court as mandated by 15 U.S.C. § 1692k.

## **TRIAL BY JURY**

42. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.)   Plaintiff's actual damages;

b.)   Statutory damages pursuant to 15 U.S.C. § 1692k;

c.)   Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k and

d.)   Such other and further relief as may be just and proper.

Respectfully submitted this 19th day of August, 2020.

                **BERRY & ASSOCIATES**
                */s/ Matthew T. Berry*
                Matthew T. Berry
                Georgia Bar No.: 055663
                *matt@mattberry.com*
                2751 Buford Highway, Suite 600
                Atlanta, GA 30324
                Ph. (404) 235-3300
                Fax (404) 235-3333

                */s/ Chris Armor*
                Christopher N. Armor
                Georgia Bar No. 614061
                P.O. Box 451328
                Atlanta, GA 31145
                Phone 470-990-2568
                Fax 404-592-6102
                *chris.armor@armorlaw.com*
                Plaintiff's Attorneys